UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORBIS CORPORATION, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRITY WEALTH MANAGEMENT, INC., a Wisconsin corporation,<br><br>Defendant. | Case No. C09-708 MJP<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY FOR CHANGE OF VENUE |

The above-entitled Court, having received and reviewed:

1. Defendant's Motion To Dismiss or Alternatively For Change of Venue (Dkt. No. 11)

2. Plaintiffs' Response to Defendant's Motion to Dismiss or Alternatively For Change of Venue (Dkt. No. 15)

3. Defendant's Reply in Response to Motion Dismiss or Alternatively For Change of Venue (Dkt. No. 19)

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS ORDERED that Defendant's motion to dismiss or alternatively for change of venue is DENIED.

The reasons for the Court's decision are discussed below.

## Background

The following facts are uncontroverted and drawn from Defendant's Motion to Dismiss or Alternatively For Change of Venue. Dkt. No. 11. Plaintiff is a Nevada corporation which licenses photographs and art images on behalf of itself and the photographers it represents. Plaintiff owns and operates a website located at www.corbis.com where users can search images from Plaintiff's collection and then pay to license the images for personal or commercial use. The servers which support this website are located in Seattle, Washington, as is Plaintiff's headquarters. The images in Plaintiff's collection are the subject of copyright protection.

Defendant is a financial services organization based in Wisconsin. In April and September 2007, Defendant entered into contracts with a web developer, Ganitham Computer Services, LLC, to produce, host, and manage its corporate websites, www.integritywm.com and www.integrityps.com.

On May 20, 2009, Plaintiff brought this action alleging direct copyright infringement, vicarious copyright infringement, and breach of contract based on Defendant's use of images on Defendant's corporate websites. Plaintiff alleges that Defendant or Defendant's agent unlawfully downloaded or copied at least nine of Plaintiff's copyrighted images which were stored on Plaintiff's servers in Seattle and then uploaded and displayed these images on Defendant's websites. Id. Defendant has yet to answer in this matter. Defendant brings this motion pursuant to Rule 12(b)(2) and (3) arguing lack of personal jurisdiction and *forum non conveniens* and Rule 12(b)(7) requesting joinder of Ganitham as a party defendant in this action. In the alternative, Defendant seeks transfer of this action to the Eastern District of Wisconsin.

## Discussion

### A. Rule 12(b)(2) Motion

This Court has the authority to dismiss an action for lack of personal jurisdiction under

FRCP 12(b)(2). While it is Plaintiff's burden to establish the Court's personal jurisdiction over Defendant, Plaintiff is only required to make a prima facie showing of jurisdictional facts to withstand a motion to dismiss. See Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001) (holding that "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant"). In considering this motion, the Court will take as true Plaintiff's allegations and resolve all factual disputes in Plaintiff's favor. Id.

Defendant states that it is a Wisconsin corporation which is headquartered in and organized in Wisconsin and that it negotiated and executed its contract with its webpage designer in Wisconsin. Defendant further states that has no registered agent in Washington, no office in Washington, and no minimum contacts with the state that would justify this Court's jurisdiction over it. Nevertheless, the Court finds that Defendant is subject to Washington's long-arm statute.

Washington's long-arm statute establishes personal jurisdiction over a foreign party to the full extent permitted by due process. Byron Nelson Co. v. Orchard Management Corp., 95 Wash.App. 462, 465 (1999). Due process is satisfied when: (1) the nonresident defendant purposefully does some act or consummates some transaction in the forum state; (2) the cause of action arises from, or is connected with, such act or transaction; and (3) the assumption of jurisdiction does not offend traditional notions of fair play and substantial justice. Noel v. Hall, 341 F.3d 1148, 1169 (9th Cir. 2003).

The first of these factors is met if Defendant "either purposefully availed itself of the privilege of conducting activities in [the forum state], or purposefully directed its activities toward [the forum state]." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). In copyright cases, a "purposeful direction" analysis is appropriate because "a copyright infringement sounds in tort." Brayton Purcell LLP v. Recordon & Recordon, 361 F.Supp.2d 1135, 1140 (N.D. Cal. 2005). Courts evaluate purposeful direction under the three-part "effects-test," whereby Defendant must have "(1) committed an intentional act, (2)

expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Schwarzenegger, 374 F.3d at 803 (citing Calder v. Jones, 465 U.S. 783 (1984)). Defendant argues that it did not "purposefully avail" itself of Washington law, and at no time did it come to Washington, have a registered agent in Washington, or commit any transaction within Washington.

In the context of copyright infringement claims, courts have found that the Calder "effects-purposeful direction" test is met when "plaintiff brings the suit in the forum where the plaintiff resides, and the defendant knows that the plaintiff resides there." Brayton, 361 F.Supp. 2d at 1140. If this effects test is met, "[i]t is not required that defendant be physically present within, or have physical contact with the forum, provided that his efforts are physically present within, or have physical contact with, the forum." Washington Department of Revenue v. www.dirtcheapcig.com., Inc., 260 F. Supp. 2d 1048 (W.D. Wash. 2003).

Plaintiff has alleged willful infringement that involved Defendant using images from Plaintiff's Seattle servers maintained by Plaintiff in its Seattle headquarters. Plaintiff claims that the images on Defendant's website contain Plaintiff's identifying digital watermarks which only appear on images taken from Plaintiff's website. Plaintiff's website states that Seattle, Washington is Plaintiff's headquarters. Therefore, Plaintiff has satisfied the effects-purposeful direction test by making a prima facie showing that Defendant willfully infringed copyrights owned by Plaintiff and alleging that Defendant knew Plaintiff's headquarters was in Washington. Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc., 106 F.3d 284, 288 (9th Cir. 1997) (holding the effects-purposeful direction test satisfied when the defendant is being sued for copyright infringement, and the plaintiff brings suit in the forum where the plaintiff resides, and the defendant knows that the plaintiff resides there); Expert Pages v. Buckalew, No. C-97-2109-VRW, U.S. Dist. LEXIS 11105, at *6 (N.D. Cal. Aug. 6, 1997 (holding that defendant directed his activities at the plaintiff in the forum state

even though defendant "did not enter [the forum state] or conduct business with [plaintiff]" when defendant allegedly copied material from plaintiff's website).

The second factor of the test for specific jurisdiction requires that the claim against Defendant arises out of or relates to Defendant's forum-related activity which "is measured in terms of "but for" causation." Panavision International v. Toeppen, 141 F.3d 1316, 1322 (9th Cir. 1998) (the court "must determine if the plaintiff would not have been injured but for the defendant's conduct directed toward [plaintiff] in [the forum]"). In this case, assuming Plaintiff's allegations to be true, the second factor is met: but for Defendant's copyright infringement, which reached into this district and affected Plaintiff in this district, Plaintiff's claim would not have arisen.

The third element of the test for specific jurisdiction requires that the exercise of jurisdiction comports with fair play and substantial justice. Generally, "[t]here is a presumption that jurisdiction is reasonable so long as the first two prongs of the specific jurisdiction test have been met." Brayton, 361 F.Supp2d at 1135 (citing Schwarzenegger, 374 F.3d at 802). Defendant argues that it has not injected itself into this forum and thus it would be unfair to litigate the case in Washington. It is true that the degree of injection is minimal in this case, and that Defendant injected itself into this forum only by virtue of publishing copyrighted material on its passive website. However, the other factors weigh against Defendant and support the reasonableness of jurisdiction in this Court. The place and course of discovery will not be affected by venue, and documents and witness will presumably be found in both districts.

The main burden on Defendant would be the time and cost of travel for its counsel to attend hearings; however, Defendant can retain local counsel. Defendant has not adequately demonstrated that the exercise of jurisdiction would not be reasonable and has thus failed to overcome the presumption of reasonableness. Dole Food Co. v. Watts, 303 F.3d 1104, 1115 (9th Cir. 2002) (regarding whether the exercise of personal jurisdiction over a foreign

defendant would be reasonable, the fact that it would be expensive and inconvenient for the defendant to defend itself in the forum is not dispositive.) Because the three prongs of specific jurisdiction appear to have at least preliminarily been met, Defendant's motion to dismiss under 12(b)(2) will be denied.

### B. Forum Non Conveniens

Defendant also argues for dismissal based upon the doctrine of *forum non conveniens*. "The standard to be applied is whether . . . defendants have made a clear showing of facts which . . . establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent." Cheng v. Boeing Co., 708 F.2d 1406, 1410 (9th cir. 1983)  The moving party "bears the burden of showing (1) that there is an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." Dole Food Co., 303 F.3d at 1118.

Generally an alternative forum exists when defendants are amenable to service of process in the foreign forum and the foreign forum will adequately provide the plaintiff with a sufficient remedy. Lueck v. Sundstrand Corp., 236 F.3d 1137, 1143 (9th Cir. 2001). Defendant is amenable to service of process in the Eastern District of Wisconsin, and there is no indication that such district would not provide Plaintiff sufficient remedy. Thus an adequate alternative forum exists in this case.

However, "the plaintiff's choice of forum will not be disturbed unless the private interest and public interest factors strongly favor trial in the foreign country." Dole Food Co., 303 F.3d at 1119. Private interests of the litigants "include ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining attendance of willing witnesses, and the likelihood of a fair trial." See id. at 1118. Defendant argues that the location of the sources of proof and witnesses in Wisconsin means that the private interests weigh in favor of litigating the case in Wisconsin. However,

Defendant fails to acknowledge that witnesses and evidence will also be found in Washington.

Additionally, other *forum non conveniens* considerations such as enforceability of the judgment, availability of a fair trial, and the availability of a compulsory process for witnesses have more significance relative to matters in which either one of the parties, the trial, or both are outside of the U.S.. The Court assumes these concerns to be less relevant in matters proceeding within in the U.S. federal court system with parties who are U.S. citizens. Public interest factors include court congestion, local interest in resolving the controversy, and preference for having a forum apply law with which it is familiar. Id. at 1119. Defendant makes no allegations that any specific public interest favors litigating the case in Wisconsin. Defendant has done little more than argue that it would be inconvenient for it to litigate the case in Washington, which is inadequate to show that private and public interests strongly favor dismissal. Id. at 1118 (citing Monegro v. Rosa, 211 F.3d 509, 512 (9th Cir. 2000), holding f*orum non conveniens* is "an exceptional tool to be employed sparingly, [not a] . . . doctrine that compels plaintiffs to choose the optimal forum for their claim."). Defendant has not shown that it is entitled to dismissal for *forum non conveniens*.

**C. Rule 12(b)(7) Motion**

Defendant also argues for dismissal under FRCP 12(b)(7) for failure to join a required party pursuant to Rule 19(a). Dismissal is appropriate when the unjoined entity is necessary and joinder is not feasible, and Defendant has the burden of showing that the unjoined entity is necessary. See Am. Greyhound Racing, Inc. v. Hull, 305 F.3d 1015, 1022 (9th Cir. 2002). In applying Rule 19, the Court must first determine if an absent party is "necessary." Quileute Indian Tribe v. Babbitt, 18 F.3d 1456, 1458 (9th Cir. 1999). While there is no precise formula for determining whether a party is necessary to an action, the Ninth Circuit

uses a two-part analysis: 1) whether complete relief is possible among the parties already in the action; and 2) whether the absent party has a claim to a legally protected interest in the outcome of the action. Confederated Tribes of Chehalis Indian Reservation v. Lujan, 928 F.2d 1496, 1498 (9th Cir. 1991). When analyzing these two factors, the ultimate determination should be "heavily influenced by the facts and circumstances of each case." Bakia v. County of Los Angeles, 687 F.2d 299, 301 (9th Cir. 1982).

Defendant claims that the existence of a contract between Defendant and Ganitham which established Ganitham's obligations to produce, host, and manage the website containing the allegedly infringing images is sufficient to render Ganitham a required party. However, Defendant does not dispute that it owns and at all times had the right and ability to control its websites. While Defendant may have a separate third-party claim against Ganitham, this does not require Ganitham to be joined in this lawsuit as a necessary party. See Temple v. Synthes Corp., 111 S.Ct. 315, 316 (1990) (holding that a potential joint tortfeasor is not an indispensable party); Bank of America Nat. Trust & Savings Ass'n v. Hotel Rittenhouse Assocs, 844 F.2d 1050, 1054 (3rd Cir. 1988) (holding that defendants' rights to contribution or indemnity from absent party does not render that absentee indispensable). Ganitham's absence will not impede the court from granting Plaintiff complete relief. Additionally, deciding this case in Ganitham's absence will neither impede or impair Ganitham's interests nor leave Defendant subject to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Since Ganitham is not a necessary party, Defendant's motion to dismiss for failure to join it will be denied.

**D. Transfer Pursuant to 28 U.S.C. § 1404(a)**

Defendant alternatively moves that this case be transferred to Wisconsin pursuant to 28 USC § 1404. The purpose of § 1404 is to prevent the waste of time, energy, and money

and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). Plaintiff's preference for this forum should not be disturbed unless removal will eliminate substantial inconvenience, and the movant has the burden of establishing that the transferee forum is clearly more convenient. Kendall USA Inc. v. Central Printing Co., 666 F.Supp. 1264, 1267 (N.D. Ind. 1987).

The Ninth Circuit weighs a number of non-exclusive factors when determining a motion to transfer venue: (1) the location where the relevant agreement was negotiated; (2) the state most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' contacts with the forums; (5) the contacts relating to the cause of action in the chosen forum; (6) the difference in the cost of litigation in the two forums; (7) the court's ability to compel the attendance of unwilling witnesses; (8) and the ease of access to sources of proof. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Defendant argues that the convenience of the witnesses is the most important factor and that as a key third-party witness, Ganitham's location in Wisconsin requires a transfer of this action.

Defendant's assertion is incorrect. While Defendant and Defendant's witness reside in Wisconsin and it would be cheaper and more convenient for them to testify in a Wisconsin court, Plaintiff resides in Washington and also has witnesses who live in Washington who will participate and testify in this action. The convenience of witnesses does not, therefore, weigh in favor of a transfer to Wisconsin. Decker Coal v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) (refusing to transfer when a transfer would merely shift rather than eliminate the inconvenience). Defendant's assertion regarding ease of access to sources of proof is similarly unconvincing. Defendant does not address the other factors and fails to show any overall advantage that would be gained or any reason to believe that the interests of justice would be better served by a change of venue. Defendant's motion to transfer will be denied.

**Conclusion**

Plaintiff has adequately alleged facts which render Defendant subject to the long-arm jurisdiction of this forum. Defendant has failed to demonstrate that it is entitled to dismissal or change of venue based on *forum non conveniens*. Finally, the Court finds that third-party Ganitham Computer Services is not an indispensable party to this litigation, and Defendant is not entitled to dismissal for Plaintiff's failure to join Ganitham in this action.

Defendants' motion to dismiss or change venue is hereby DENIED.

The Clerk is directed to send a copy of this order to all counsel of record.

DATED this _12th_ day of August, 2009.

_____
Marsha J. Pechman
United States District Judge