UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CORBIS CORPORATION,

    Plaintiff(s),

v.

INTEGRITY WEALTH MANAGEMENT, INC.,

    Defendant(s).

NO. C09-708MJP

ORDER ON DEFENDANT'S MOTION TO DISMISS "BREACH OF CONTRACT" CLAIMS

The above-entitled Court, having received and reviewed

1. Defendant Integrity Wealth Management, Inc.'s Motion to Dismiss "Breach of Contract" Claims Pursuant to Fed.R.Civ.P. 12(b)(6) (Dkt. No. 23)

2. Corbis Corporation's Opposition to Defendant's Motion to Dismiss "Breach of Contract" Claims Pursuant to Fed.R.Civ.P. 12(b)(6) (Dkt. No. 25)

3. Defendant Integrity Wealth Management, Inc.'s Reply Brief in Support of Its Motion to Dismiss "Breach of Contract" Claims Pursuant to Fed.R.Civ.P. 12(b)(6) (Dkt. No. 29)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion is DENIED. The Court also declines Defendant's request to alternately treat their pleadings as a motion for summary judgment.

**Background**

Plaintiff licenses photographs and fine arts images from its website, www.corbis.com. The website contains a "Content License Agreement" which governs the approved use of the images.

**ORD ON MTN TO DISMISS - 1**

Under the terms of the agreement, unauthorized use of any image requires payment of damages equal to 10 times the licensing rate for the image, plus other fees and costs.

Defendant IWM is a financial services company which owns websites at www.integritywm.com and www.integrityrps.com. At an unknown date, unauthorized images from Plaintiff's website were copied and displayed on Defendant's websites.

The above facts are drawn from Plaintiff's Complaint (Dkt. No. 1), which alleges claims for direct and vicarious copyright infringement and for breach of contract. It is the breach of contract claim which is the subject of Defendant's motion to dismiss.

**Discussion**

Motion to dismiss standard of review

An FRCP 12(b)(6) motion is a motion to test the pleadings for failure to state a claim upon which relief may be granted. In evaluating such a motion, the court must accept all material allegations in the complaint as true. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 340 (9th Cir. 1996). "If. . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FRCP 12(d).

Motion to dismiss

The necessary elements of contract formation are: (1) offer, (2) acceptance, (3) competent parties, (4) legal subject matter and (5) consideration. Lager v. Berggren, 187 Wn. 462, 466-67 (1936). Defendant's motion challenges Plaintiff's failure to allege the first two elements properly.

The portions of Plaintiff's complaint which allege its breach of contract claim state the following:

> Corbis owns and operates a website located at the Internet address www.corbis.com. At Corbis' website, professional and consumer users are able to search hundreds of thousands of images from Corbis' collection and then pay to license the images for personal or commercial use. Visitors to the www.corbis.com site interact with and obtain Corbis images from servers that are located in Seattle, Washington. (¶ 8)

Visitors to the www.corbis.com website are required to agree to a Corbis Content License Agreement as a condition of being able to access and use the images on the website. Pursuant to the terms of the Corbis Content License Agreement, a party who uses Corbis images without authorization agrees to pay ten (10) times the licensing rate in addition to other fees, damages and penalties available to Corbis. (¶ 12)

By using Corbis images obtained from the www.corbis.com website, IWM and its agents agreed to be bound by the terms of the Corbis Content License Agreement, which governs use of Corbis' images obtained from the www.corbis.com website. (¶ 28)

IWM breached the Corbis Content License Agreement by using Corbis' images without authorization and failing to pay Corbis ten (10) times the license rate for such usage as is required under the Corbis Content License Agreement. (¶ 30)

In order to survive a motion to dismiss, Plaintiff must merely show that their allegations put Defendant on notice of what their claim is and that those allegations (accepted as factual for purposes of the motion) state the requisite legal elements of their claim. The Court finds that this complaint satisfies those requirements.

In stating that its website requires visitors to agree to a Content License Agreement in exchange for accessing and using the images which the company offers on the website, Plaintiff has adequately alleged the existence of a contractual offer. Defendant argues that upholding Plaintiff's allegations as sufficient requires "unwarranted deductions of fact, or unreasonable inferences." On the contrary – the Court finds that it would be an unreasonable inference to assume, based on Plaintiff's description of their business and their website, that visitors were <u>not</u> aware that they were being offered a business transaction in the form of an agreement to pay for the use of the images contained on the site.[1]

The Court further finds that the "acceptance" element is sufficiently articulated by ¶¶ 12 and 28 of the Complaint, which clearly allege that accessing and using the images acts as acceptance of the offer. Defendant seeks to challenge the sufficiency of that allegation, but it does so by reference to the

---

[1] Defendant complains that "the contractual terms Corbis seeks to enforce are located at a different part of Corbis' website than the images" (Def. Reply, p. 2), but these are factual matters outside the pleadings which are inappropriate to determination of a 12(b)(6) motion.

**ORD ON MTN**
**TO DISMISS - 3**

website itself (Def. Reply, p. 2) and by their claim that no one in their organization ever visited the site (Def. Mtn., p. 7; Busalacchi Decl., ¶ 6). These are factual matters outside the pleadings and inappropriate to a 12(b)(6) motion. For the Court to consider them would require converting this pleading to a motion for summary judgment, which the Court (see *infra*) declines to do.

Defendant cites to Specht v. Netscape Communications Corp., 306 F.3d 17, 35 (2nd Cir. 2002) for its argument that merely visiting a website "or the mere use of Corbis images obtained from corbis.com cannot result in a contract." Def. Mtn., p. 9. And Specht does indeed require "[r]easonably conspicuous notice of the existence of contract terms and unambiguous manifestation of assent to those terms by consumers" (306. F.3d at 35) for the establishment of a binding contract. But Specht does not involve a 12(b)(6) motion -- neither the district or appellate court in that case were dealing with nothing more than the allegations on the face of the complaint. The Specht analysis requires factual findings about the appearance of the website and is more appropriate to a summary judgment determination.

Defendant also attacks as "rank speculation" Plaintiff's argument in its briefing that "it is likely that whoever took the images also reviewed the terms of their use." Def. Reply, p. 3. But it is not Plaintiff's argument in their briefing which must pass muster here, it is the allegations of their complaint, which state quite clearly that "[b]y using Corbis images obtained from the www.corbis.com website, IWM and its agents agreed to be bound by the terms of the Corbis Content License Agreement."[2] The Court's only concern at this 12(b)(6) juncture is whether that pleading, accepting its allegations as true, states a claim upon which relief may be granted. The Court finds that it does.

---

[2] Defendant also attacks, as conclusory and speculative, the language of the Complaint which claims that Defendant "or its agents" accessed the corbis.com website, appropriated some of the images for IWM's use and thereby accepted the terms of Plaintiff's use agreement. These allegations are not beyond the bounds of plausibility – Plaintiff has alleged that the images appeared, without their authorization, on Defendant's website. It is entirely plausible that Defendant, or someone working for Defendant, put them there.

**ORD ON MTN TO DISMISS - 4**

Request for summary judgment

Confronted with Plaintiff's observation that it has introduced materials outside the pleadings in its attempt to obtain a dismissal, Defendant argues that the matter may be converted to a summary judgment motion (as provided for by the federal rules), with the same results it seeks through its original 12(b)(6) motion. In its reply brief, Defendant goes so far as to argue that, since Plaintiff has likewise alluded to extraneous materials in its briefing, the Court is now free to "recast the motion as one for summary judgment under Rule 56 and rule on the motion without further evidentiary submissions from the parties." Def. Reply, p. 5.

The Court notes that Plaintiff was forced to refer to extraneous evidence by Defendant's reference to materials outside the pleadings in its moving papers, and the Court does not consider such usage to constitute a stipulation on Plaintiff's part to treat these pleadings under Rule 56. The Court has the discretion to disregard the extraneous materials and approach this as a motion to dismiss, and that is what it will do. Summary judgment, based on the consideration of what is certainly a small portion of the factual evidence underlying these claims, is inappropriate at this stage of the proceedings.

**Conclusion**

The Court finds that, accepting its factual allegations as true, Plaintiff's complaint adequately states a claim of relief for breach of contract and Defendant's motion to dismiss is DENIED. The Court declines at this point to consider any materials extraneous to the complaint and convert these pleadings to a summary judgment motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated: November _16_, 2009

Marsha J. Pechman
U.S. District Judge

**ORD ON MTN TO DISMISS - 5**